*Terry L. Bell v. loanDepo.com, LLC*

# EXHIBIT A

121576077v29 4757

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE: Civil |

| | |
|---|---|
| Terry L. Bell, | Court File Number: _____ |
|     Plaintiff, | |
| v. | **SUMMONS** |
| loanDepot.com, LLC, | |
|     Defendant. | |

THIS SUMMONS IS DIRECTED TO loanDepot.com, LLC.

    1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20** DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a written response called an Answer within 20** days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    John H. Goolsby
    Goolsby Law Office, LLC
    475 Cleveland Ave. N, Suite 212
    Saint Paul, MN 55104

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS**

SUMMONS. If you do not Answer within 20** days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: 2/24/17

GOOLSBY LAW OFFICE, LLC

By: _____
John H. Goolsby, #0320201
475 Cleveland Ave. N, Suite 212
Saint Paul, MN 55104
Telephone: (651) 646-0153
jgoolsby@goolsbylawoffice.com
**Attorney for Plaintiff**

2

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE: Civil |

| | |
|---|---|
| Terry L. Bell, | Court File Number: _____ |
| Plaintiff, | |
| v. | **COMPLAINT WITH JURY TRIAL DEMAND** |
| loanDepot.com, LLC, | |
| Defendant. | |

## PRELIMINARY STATEMENT

1. This action for damages – under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f; Regulation B, 12 C.F.R. §§ 1002.1-1002.16; and the Minnesota Residential Mortgage Originator and Servicer Licensing Act, Minn. Stat. §§ 58.01-58.19 – is based on Defendant's failure to accurately disclose to Plaintiff the reason(s) for its denial of Plaintiff's credit application.

## PARTIES

2. Plaintiff Terry L. Bell is a natural person who resides in the city of Cambridge, County of Isanti, State of Minnesota, and is an "applicant" as that term is defined by 15 U.S.C. § 1691a(b) and 12 C.F.R. § 1002.2(e).

3. Defendant loanDepot.com, LLC ("loanDepot") does business in Minnesota and is a "creditor" as that term is defined by 15 U.S.C. § 1691a(e) and 12 C.F.R. § 1002.2(l)

## FACTUAL ALLEGATIONS

4. Prior to August 21, 2013, Plaintiff applied for a mortgage loan from loanDepot.

5. Plaintiff had not had any prior credit relationship with loanDepot.

6. On or about August 21, 2013, loanDepot declined Plaintiff's application.

7. LoanDepot sent Plaintiff an "Adverse Action Notification" dated August 21, 2013.

8. LoanDepot's "Adverse Action Notification" gave "Poor Credit Performance with Us" as the sole reason for declining Plaintiff's application.

9. The indication that the reason for the denial was Plaintiff's "Poor Credit Performance" with loanDepot was false.

10. Poor credit performance with loanDepot could not possibly have been the real reason for the denial, because Plaintiff had not had any prior credit with loanDepot.

11. Plaintiff was aware of false information on his credit reports.

12. Plaintiff was highly concerned that the false information on his credit reports might be a factor in various adverse credit actions he suffered.

13. Because Plaintiff knew there was false information on his credit reports, it was extremely important to Plaintiff discover the true reason(s) for any adverse action he suffered.

2

14. In particular, it was extremely important to Plaintiff to find out whether loanDepot's credit denial was caused by the false information on his credit reports.

15. Although Plaintiff suspected that the false information in his credit reports was the real reason for loanDepot's credit denial, Plaintiff was prevented from knowing for certain due to loanDepot's inaccurate Adverse Action Notification.

16. Plaintiff also needed accurate documentation of the reason(s) for any adverse credit actions to show other companies the extent to which the false information on his credit reports was hurting him.

17. LoanDepot's failure to tell Plaintiff the reason(s) for its adverse action compounded and exacerbated Plaintiff's distress and alarm from his inability to get the false information removed from his credit reports.

18. As a result of Defendant's actions and omissions, Plaintiff suffered actual damages, including without limitation deprivation of necessary information, deprivation of necessary documentation, and emotional distress.

19. At all times pertinent hereto, Defendant acted by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

### TRIAL BY JURY

20. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT
### 15 U.S.C. § 1691(d)

21. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

22. Defendant loanDepot violated 15 U.S.C. § 1691(d) by failing to provide to Plaintiff, within thirty days of Defendant's adverse action, an accurate statement of the reason(s) for the adverse action.

23. As a result of Defendant's violation(s) of § 1691(d), Plaintiff has suffered actual damages, deprivation of necessary information, and emotional distress.

24. Defendant loanDepot is liable for punitive damages, pursuant to 15 U.S.C. § 1691e(b).

25. Defendant loanDepot is liable for Plaintiff's costs and attorney's fees, pursuant to 15 U.S.C. § 1691e(d).

### COUNT II
### VIOLATION OF REGULATION B
### 12 C.F.R. § 1002.9

26. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

4

27. Defendant loanDepot violated 12 C.F.R. § 1002.9 by failing to provide to Plaintiff, within thirty days of Defendant's adverse action, an accurate statement of the reason(s) for the adverse action.

28. As a result of Defendant's violation(s) of § 1002.9, Plaintiff has suffered actual damages, including without limitation deprivation of necessary information, deprivation of necessary documentation, and emotional distress.

29. Defendant loanDepot is liable for punitive damages, pursuant to 12 C.F.R. § 1002.16(b).

30. Defendant loanDepot is liable for Plaintiff's costs and attorney's fees, pursuant to 12 C.F.R. § 1002.16(b).

## COUNT III
## VIOLATION OF THE MINNESOTA RESIDENTIAL MORTGAGE ORIGINATOR AND SERVICER LICENSING ACT
## Minn. Stat. § 58.13(9)

31. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

32. Defendant loanDepot violated Minn. Stat. § 58.13(9) by falsely stating that poor credit performance with loanDepot was the reason Plaintiff was not able to qualify for loanDepot's mortgage product.

33. As a result of loanDepot's violation of § 58.13(9), Plaintiff has suffered actual damages, including without limitation deprivation of necessary information,

5

deprivation of necessary documentation, and emotional distress. Plaintiff is therefore entitled to recover actual damages under Minn. Stat. § 58.18.

34. Plaintiff is entitled to recover costs and attorney's fees from Defendant loanDepot pursuant to Minn. Stat. § 58.18.

### WHEREFORE,

Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Punitive damages pursuant to 15 U.S.C. § 1691e(b) and 12 C.F.R. § 1002.16(b);

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1691e(d), 12 C.F.R. § 1002.16(b), and Minn. Stat. § 58.18(4);

d.) Such other and further relief as may be just and proper.

Dated: 2/24/17

GOOLSBY LAW OFFICE, LLC

By: _____
John H. Goolsby, #0320201
475 Cleveland Ave. N, Suite 212
Saint Paul, MN 55104
Telephone: (651) 646-0153
jgoolsby@goolsbylawoffice.com
**Attorney for Plaintiff**

## ACKNOWLEDGEMENT

Plaintiff, by his undersigned counsel, acknowledges that sanctions may be imposed under Minn. Stat. § 549.211.

Dated: 2/24/17

GOOLSBY LAW OFFICE, LLC

By: _____
John H. Goolsby, #0320201
475 Cleveland Ave. N, Suite 212
Saint Paul, MN 55104
Telephone: (651) 646-0153
jgoolsby@goolsbylawoffice.com
**Attorney for Plaintiffs**

7