```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                      Civil No. 17-822(DSD/SER)
```

Terry L. Bell,

      Plaintiff,

v.                                                  **ORDER**

loanDepot.com, LLC,

      Defendant.

    John H. Goolsby, Esq. and Goolsby Law Office, LLC, 475 Cleveland Avenue N, Suite 212, St. Paul, MN 55104, counsel for plaintiff.

    Rory Mattson, Esq. and Hinshaw & Culbertson LLP, 333 South Seventh Street, Suite 2000, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion for judgment on the pleadings by defendant loanDepot.com, LLC. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

This credit dispute arises out of plaintiff Terry Bell's alleged loan application with loanDepot. Bell alleges that before August 21, 2013, he "applied for a mortgage loan from loanDepot." Compl. ¶ 4. According to Bell, on August 21, 2013, loanDepot sent him an "Adverse Action Notification" denying the loan application because of poor credit performance with loanDepot. Id. ¶¶ 6-8. Bell denies having had a previous loan relationship with loanDepot,

however, and contends that the information in the notification was false. Id. ¶¶ 5, 9-10. At the time, Bell was aware of unidentified "false information" on his credit report unrelated to loanDepot. Id. ¶ 11. He alleges that loanDepot's false explanation for the denial of his mortgage loan application prevented him from determining whether that "false information" was affecting his credit and, specifically, his ability to secure a loan from loanDepot. Id. ¶¶ 12-16. Bell claims that this uncertainty "compounded and exacerbated" his "distress and alarm" over his inability to remove the "false information" from his credit report. Id. ¶ 17. He also claims that he has suffered actual damages due to the "deprivation" of information and documentation.[1] Id. ¶ 18.

On February 24, 2017, Bell commenced the instant action in Hennepin County District Court alleging violations of the Equal Credit Opportunity Act (ECOA) and the Minnesota Residential Mortgage Originator and Servicer Licensing Act (RMOSLA). loanDepot timely removed to this court and now moves for judgment on the pleadings.

---

[1] Bell again applied for a mortgage loan with loanDepot in September 2013, but later withdrew the application. Answer ¶ 5; id. Ex. A. The September application has no bearing on this motion.

**DISCUSSION**

**I. Standard of Review**

The same standard of review applies to motions under Federal Rules of Civil Procedure 12(c) and 12(b)(6). Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

**II. ECOA Claims**

Counts I and II of Bell's complaint allege violations of the ECOA and corresponding Regulation B, which establish procedural requirements that creditors must follow in notifying applicants when certain action is taken on credit applications. See 15 U.S.C.

3

§ 1691(d); 12 C.F.R. § 1002.9(a). Under the ECOA, "within thirty days ... after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application." 15 U.S.C. § 1691(d)(1). If the applicant is denied credit, he is "entitled to a statement of reasons for such action from the creditor." Id. § 1691(d)(2); see also 12 C.F.R. § 1002.9(a). "A statement of reasons meets the requirements of [the ECOA] only if it contains the specific reasons for the adverse action taken." 15 U.S.C. § 1691(d)(3); see also 12 C.F.R. § 1002.9(a)(2)(i).

loanDepot argues that the ECOA claims must be dismissed because Bell "never submitted any mortgage application documents to loanDepot in August 2013" and loanDepot was therefore not required to provide any notification to Bell. Def.'s Supp. Mem. at 1. But Bell alleges otherwise and also alleges that loanDepot failed to provide the specific reason for its denial, as required. See Compl. ¶¶ 4-10. The court cannot resolve such factual disputes on a Rule 12 motion. Bell has pleaded the requisite elements of his claim under ECOA and Regulation B.[2] As a result, the motion is denied as to those claims.

---

[2] The court is utterly unpersuaded by loanDepot's argument that Bell has not properly alleged that he "requested" a loan. Indeed, Bell alleges that he "applied for a mortgage loan from loanDepot." Compl. ¶ 4. The semantic distinction loanDepot attempts to draw between the words "request" and "apply" is unavailing, both factually and legally.

**III. RMOSLA Claim**

Count III of the complaint alleges that loanDepot violated the RMOSLA by inaccurately stating that it declined his August 2013 mortgage loan application because of poor credit performance with loanDepot. Compl. ¶ 32. The RMOSLA prohibits any "person acting as a residential mortgage originator or servicer" from "mak[ing] or caus[ing] to be made, directly or indirectly, any false, deceptive, or misleading statement or representation in connection with a residential loan transaction including, without limitation, a false, deceptive, or misleading statement or representation regarding the borrower's ability to qualify for any mortgage product." Minn. Stat. § 58.13, subdiv. 1(a)(9). A borrower injured by such a violation has a private right of action and may be awarded actual, incidental, consequential, statutory, and punitive damages, as well as costs and reasonable attorney's fees. Minn. Stat. § 58.18, subdiv. 1.[3]

loanDepot argues that Bell has failed to properly plead this claim because he has not suffered any monetary damages. Given the breadth of the remedies allowed under the statute and its function as a consumer protection act, the court declines to dismiss on that basis at this time. Although the court is skeptical of the nature and intensity of any emotional distress Bell may have experienced

---

[3] Given the rights conferred by § 58.18, the court rejects loanDepot's argument that Bell was required to bring his claim under the private attorney general statute, Minn. Stat. § 8.31.

as a result of the circumstances as pleaded, he has sufficiently asserted cognizable damages for purposes of this motion.

The court is also unpersuaded by loanDepot's argument that Bell was required to plead detrimental reliance. loanDepot cites to no cases requiring a showing of detrimental reliance under these circumstances. Bell has properly pleaded causation, which is sufficient for present purposes. Bell has also properly pleaded his claim under Rule 9(b), by setting forth the "who, what, when, where, and how" of the alleged misrepresentation. <u>United States ex rel. Joshi v. St. Luke's Hosp., Inc.</u>, 441 F.3d 552, 556 (8th Cir. 2006). As a result, dismissal is also not warranted on the RMOSLA claim.

### CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for judgment on the pleadings [ECF No. 16] is denied.

Dated: August 14, 2017

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court
